# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0526, <u>Appeal of Ronald Taylor, Jr.</u>, the court on September 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Ronald Taylor, Jr., (claimant), appeals a decision of the New Hampshire Compensation Appeals Board (board) denying his claim for workers' compensation benefits.  The claimant argues that the board erred in finding that his stress-related disability did not arise out of his employment by the respondent, the New Hampshire Department of Safety.

The record shows that by letter dated December 20, 2017, the claimant was notified that he was under an internal investigation for his conduct during a November 4, 2017 shift meeting, during which he made disrespectful comments about his superiors in a public setting.  On January 3, 2018, the claimant was interviewed regarding his conduct at the meeting.  After the interview, he was informed that he was also under investigation for having had extra-marital sexual relations while on duty, and that he was being placed on 30 days' paid suspension pending the outcome of the investigations.  Later that day, the claimant was admitted to a hospital.  At the hospital, the claimant admitted that he was worried that he would lose his job, which he stated would be "devastating" to him.  The claimant was aware that in November 2017, a fellow trooper had resigned in lieu of termination because of allegations of on-duty sexual activity.

RSA 281-A:2, XI (Supp. 2019) provides that "'[i]njury' or 'personal injury' shall not include a mental injury if it results from any disciplinary action, work evaluation . . . or any similar action, taken in good faith by an employer."  The board found that the claimant's disability did not result from a covered "injury" because it was a mental injury resulting from disciplinary investigations.

We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable.  <u>Appeal of Margeson</u>, 162 N.H. 273, 276 (2011); <u>see</u> RSA 541:13 (2007).  The board's factual findings are <u>prima</u> <u>facie</u> lawful and reasonable.  RSA 541:13; <u>see</u> RSA 281-A:43, I(c) (2010) (stating that appeals from the board are subject to RSA chapter 541).  We review the board's factual findings deferentially and will uphold them unless the evidence does not support them.  <u>See</u> <u>Appeal of Kelly</u>, 167 N.H. 489, 491 (2015); <u>Appeal of Kehoe</u>, 141 N.H. 412,

415 (1996).  As the appealing party, the claimant has the burden of demonstrating that the board's decision was erroneous.  Appeal of Margeson, 162 N.H. at 276.

The claimant argues that the board erred in declining to credit medical evidence that his disability was caused by several stressful incidents at work between 2013 and 2017.  During these incidents, the claimant was nearly struck by an automobile on the highway or actually struck by an automobile while he was in his cruiser.  The board may decline to credit even uncontroverted medical evidence, provided that it identifies the competing evidence or considerations supporting its decision to do so.  Appeal of Kehoe, 141 N.H. at 418.  In this case, the board noted that during his first week at the hospital, the claimant did not identify traumatic incidents at work as the source of his stress.  The board also noted that the claimant did not seek treatment for any stress-related condition following these incidents or lose time from work after them.  The claimant's medical providers, including a forensic psychologist, did not address the fact that the claimant did not lose time from work until the day he was notified that he was suspended for disciplinary reasons.  According to the board, the records of the disciplinary proceedings were not provided to the psychologist.  The value of any expert's opinion depends upon a complete and accurate record.  Bartlett Tree Experts Co. v. Johnson, 129 N.H. 703, 707 (1987).  For these reasons, the board was not required to give substantial weight to the reports of the claimant's medical providers.  See id.; cf. Appeal of Morin, 140 N.H. 515, 519 (1995).

Because there is evidence in the record to support the board's findings, we uphold them.  See Appeal of Kelly, 167 N.H. at 491.  Given our decision to uphold the board's finding on medical causation, we need not address the claimant's argument that he proved legal causation.  See Appeal of Kehoe, 141 N.H. at 416.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2